## ODENKIRK v VRETMAN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10,004. Decided October 7, 1929

Messrs. Wheeler & Adrion, Cleveland, for Odenkirk.

Messrs. Orgill, Maschke & Wickham, Cleveland, for Vretman et.

**VICKERY, PJ.**

It seems that the court below treated this whole matter as an option; that is, if the defendants had organized this corporation, such corporation would have had the right to have had an assignment of this patent, upon the giving or tender-ing of its promissory note, and the plaintiff would have been compelled to assign this patent, it having been an accepted option by performing the things the defendants were to do, the corporation being formed in accordance with contract, and it paying or tendering payment of the money or securities that the parties had agreed should be paid or given; and if the corporation failed to perfom the other part of its contract, that is, to sell enough of the product of the patented article to insure a royalty of Five Hundred Dollars per month, then the plaintiff might have cancelled his contract.

In this case there never was any body in existence to accept the option. It was contemplated by these parties that a **corporation,** not the defendants as individuals, was to perform the terms of the contract. They were simply "go-betweens", and if they had formed a corporation and it had agreed by performance of the conditions of the option, then the other party would have been obligated to perform. But this was not done and there is nothing in this contract to show that the individuals intended to contract for themselves personally. It might be that they were not even to become members of the corporation. They were simply acting as "go-betweens."

Now that was the situation when this case was reached for trial. The statement of counsel for the plaintiff in this case showed that he cancelled this contract, or, to use exact words, "in July, 1926, about nine months after this agreement was entered into, plaintiff himself cancelled the contract and is bringing this action for damages." Whether this was an inadvertent statement to make, it was surely unwise, and if the court acted upon that statement, the plaintiff had no right of action. If he cancelled the contract he surely could not have brought damages for its breach. Up to that time, the date

when the plaintiff could cancel the contract had not yet arrived, even if the corporation had been organized in accordance with the agreement, because it was only two months after the seven months from the date of the contract, and after the seventh month the corporation still had six months before the plaintiff had the right to cancel his contract, if the contract had been entered into, and so he was premature in cancelling his contract.

Now he claims the right to maintain this action on the ground that there had been a breach of the contract by the two defendants in refusing to go forward and announcing to him that they would not do anything further in regard to it. It must be remembered that the contract was not with them. A contract was to be made with a corporation that was not in existence, and there is nothing in writing by which the defendants obligated **themselves** to be bound by the terms of this contract. Of course, if they had contracted intending to bind themselves and had repudiated the contract, or, in the words of the law books, renounced the contract, the renunciation could be treated as a breach and would excuse the offer of performance upon the other side. These two **men** were not to pay any Ten Thousand Dollars. These two men were not to guarantee a royalty of Five Hundred Dollars each month after the seventh month. They were simply and merely "go-betweens" to provide a corporation that would enter into such an agreement.

The difficulty surrounding the situation is that such a contract could not be made that would be binding upon anybody. How could two men make a contract that would bind a corporation which must have at least five directors in Ohio? Even if the two men owned all the stock except the qualifying shares for the directors, the directors could turn down and refuse to make such a contract, and the attempt to bind a corporation that was not in existence, in my judgment, is contrary to public policy and ought not to be tolerated and, in my view, the courts do not tolerate such contracts.

Now, inasmuch as there was no liability shown against these two defendants, nor was any liability intended to be assumed by them other than to provide a corporation, it amounted simply to an option which if performed would have ripened into a contract.

An option is nothing more than a unilateral contract. It binds one side but does not bind both sides, and until the party who has the option does what he has agreed to do and offers to conform to the agreement proposed by the other side, he can withdraw from it at any time. Now with this view of the situation, we do not think that the petition stated a cause of action and certainly with the statement of counsel that the plaintiff himself had cancelled the contract, there was nothing for the court to do other than he did do. There being no error in

this record, we can do nothing further than to affirm the judgment of the court below. It will, therefore, be affirmed.

Sullivan, and Levine, JJ, concur.